LILLIE FRANKLIN by her next Friend, Respondent, v. L. E. THEO. FISCHER, Appellant.

St. Louis Court of Appeals, November 22, 1892.

Practice, Appellate: EXCESSIVENESS OF VERDICT IN AN ACTION FOR PERSONAL INJURY. It is the province of the jury to determine the value of bodily and mental suffering in an action for personal injuries, and the verdict should not be interfered with on appeal, unless the evidence leads to the conclusion that the jury were inflamed by passion which led them to disregard the facts bearing on the right of recovery. And in this cause this court declined to interfere, though of opinion that the damages assessed were excessive.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*H. M. Wilcox*, for appellant.

*Carlisle & Ottofy*, for respondent.

ROMBAUER, P. J.—This is an action to recover damages for bodily injuries sustained by the plaintiff, a child thirteen years of age, by being run over by defendant's wagon in charge of defendant's driver. The answer consists of a general denial and the plea of contributory negligence. The jury found a verdict for $550, which is now challenged on the ground that it is unsupported by the evidence, is contrary to the instructions of the court, and is excessive.

Touching the first assignment of error we find that the plaintiff's evidence, which in many material respects is corroborated by that of defendant, shows the following facts: The little girl was either walking very rapidly or running across Easton avenue, a street paved with wooden blocks, during a heavy shower, when she was knocked down by defendant's horse, and the wheels of the defendant's wagon passed over her. She carried an umbrella to protect her against the rain, which was falling so heavily at the time that even one of defendant's witnesses states he could see nothing on account of it. The wagon driven by the defendant's servant was a covered wagon with closed sides, and the horse was coming along with a rush according to the plaintiff's evidence, and according to the defendant's evidence at a very lively trot. The driver, according to his own testimony, had left the wagon seat, and was standing up behind it in a stooped position to protect himself from the rain. According to the plaintiff's evidence the driver was sitting on the tailboard in the rear of the wagon. The little girl testified that she did not see the wagon before she was struck, which, in view of the fact that the rain was so heavy as to obscure vision, that she was intent to protect herself against the rain, and that the wagon would not make much noise in passing over a wooden pavement, is

probable. The driver says he did see the little girl at some distance off coming toward the wagon, but does not explain why he did not check his horse which was going at a lively trot. The defendant's main witness, a gripman on a car who saw the situation of things from some distance, testifies that he knew there would be trouble.

It is needless to say that, under this evidence, the jury were warranted in finding a verdict for plaintiff, and we may add that another trial would inevitably result in a verdict for plaintiff. The instructions of the court were as favorable to defendant as under the facts of the case they could be, and the verdict shows no indication of any bias on the part of the jury, unless it be the amount of recovery. The only difficulty we have in the case is the excess in the verdict which is claimed by the plaintiff as to the amount awarded. The claim that the verdict is excessive was made in the motion for new trial, and the court we think should have sustained it on that ground, at least conditionally. There is, of course, great difficulty on part of an appellate tribunal to deal with this subject, as there is no money standard by which physical and mental pain, or temporary disability can be measured. The little girl and her parents testify that she was in bed for about eight days, and off and on for two weeks after the accident, and that the accident left some blue marks on her body; also, that she still complained of pains at the date of the trial, which was nearly eight months after the date of the accident. But the attending physician, who is the only disinterested witness, who subjected the plaintiff to a thorough examination immediately after the accident, and who had been consulted about her condition since, states that the only injury he noticed was a very slight bruise over the left shoulder blade. The testimony of that witness negatived the probability of any

permanent injury whatever. It must be evident that a verdict of $550 under such facts is excessive as mere compensatory damages, and under the pleadings and evidence no punitive damages could be recovered.

But, while these facts address themselves forcibly to our consideration, we are not the less aware that it is the province of the jury to determine the value of bodily and mental suffering, and that, unless the evidence leads to the conclusion that in their verdict they were inflamed by passion which led them to disregard the facts bearing on the *right of recovery*, we ought not to interfere. We have heretofore taken the view that, in actions of this character, to enforce a *remittitur* on appeal is to destroy the integrity of the verdict, and to substitute our judgment for that of the jury on a question which is eminently a question of fact. We all concede that the case is one which stands upon the boundary line of the rule, justifying an appellate court in reversing judgments for excess of recovery alone, but we are not satisfied that it has gone beyond that boundary.

Judgment affirmed. All the judges concur.